IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## JAMES RIMMER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-27299     W. Otis Higgs, Judge**

---

### No. W2004-02427-CCA-R3-PC  - Filed August 26, 2005

---

The petitioner, James Rimmer, appeals from the Shelby County Criminal Court's denial of his petition seeking post-conviction relief on the ground of ineffective assistance of counsel.  After a thorough review of the issues and applicable law, we affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the Appellant, James Rimmer.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Shelby County Grand Jury indicted the petitioner on September 9, 2001, on the charge of possession of cocaine in an amount greater than .5 grams with the intent to sell, a Class B felony.  *See* Tenn. Code Ann. § 39-17-417(a)(3), (c)(1) (2003).  At the time of that offense, the petitioner was serving an eight-year probationary sentence for a similar offense.  On June 6, 2002, pursuant to an agreement with the state, the petitioner pleaded guilty to the cocaine offense in exchange for an agreed sentence of eight years, which represented a minimum, Range I sentence for a Class B felony.  That sentence was ordered to be served consecutively to the eight-year sentence for the violation of the petitioner's probation, for an effective sentence of 16 years.

Subsequently, on April 24, 2003, the petitioner filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel in connection with his plea and the resulting sentence.  The trial court appointed counsel to represent the petitioner; an evidentiary hearing was conducted on August 13, 2004.  Approximately one month later, the trial court entered

a written order denying post-conviction relief. Aggrieved of the denial of his petition, the petitioner has timely appealed to this court.

The factual underpinning for the petitioner's plea to unlawful possession of cocaine with intent to sell appears in the transcript of the plea submission conducted on June 6, 2002. At that time, the state advised the trial court as follows:

> The facts which gave rise to this indictment would have been that on July 8, 2000, Detective Bass received information from . . . a reliable informant that a male black, Kenny, was selling crack cocaine out of 1000 Woodbury with an unidentified female black. Detective Bass did surveillance at that location and observed pedestrian foot traffic coming and going.
>
> The detective . . . obtained a search warrant for the premises, and they did execute the search warrant. Officers went to that location. A Shawn Goodwin opened the door at that location. Officers entered the premises and explained the circumstances of the warrant to [the petitioner] before the search began. Detective Bass and . . . Detective Goodwin asked if there were any illegal narcotics on the premises. Both [men] replied no drugs or money were on the premises.
>
> They found a Dr. Pepper can with a false compartment that contained a hundred and eighty dollars in the bedroom. They found a false compartment in an aerosol can which contained eleven hundred dollars, and a false compartment in another can. It contained six pieces of suspected crack cocaine, total[ing] 1.5 grams weight. It did test positive as being cocaine.

An evidentiary post-conviction hearing was conducted on August 13, 2004, at which time the petitioner and petitioner's former trial counsel testified. Trial counsel, whose law practice was approximately 98 percent criminal law, could not recall a specific date when he began representing the petitioner. In checking the petitioner's prior history, trial counsel learned that the petitioner qualified for Range II or Range III sentencing. For that reason, trial counsel believed that the Range I, eight-year plea agreement that was negotiated with the state was very favorable to the defendant. The eight-year sentence represented a minimum sentence for the Class B narcotics offense. According to trial counsel, he explained to the petitioner that the sentence imposed for the probation violation would, by law, run consecutively to the negotiated eight-year sentence.

Trial counsel was unsure how long he represented the petitioner or how many report dates were scheduled for the case. He was certain, however, that at each court date he would have spoken at length with the petitioner. Trial counsel's memory of the facts of the case had diminished

over time, but he recalled that the case was not set for trial. Counsel believed that he filed a discovery motion at the beginning of his representation. Counsel indicated that he was unaware of any problems between the petitioner and himself.

Because counsel did not have a clear recollection of the case, he explained that his customary practice in a case like the petitioner's would be to file a discovery motion, discuss a plea offer with the state, and then consult with the client. He described the petitioner's case as not being an "extraordinary, difficult case" and as being "just down the line."

On cross-examination by the state, trial counsel drew on his experience in handling narcotics cases in Shelby County. He explained that many prosecutors follow plea guidelines such that on a second felony drug offense, for example, the state would offer a plea of 15 years as a Range II offender. He "remember[ed] just negotiating to getting it down where [he] could get [the petitioner] a Range One because of the [pending violation of probation]." Trial counsel also explained that many prosecutors will withdraw a plea offer once motion hearings commence, particularly a suppression hearing. In counsel's opinion he negotiated "the best deal available" for the peitioner.

The petitioner testified that he filed the post-conviction petition because he did not believe that he "was properly told what was going – about [his] eight-year sentence." In terms of trial counsel's representation, the petitioner said that he only met with counsel three or four times when he was scheduled to be in court. He testified that each meeting lasted no more than approximately five minutes and that counsel assured him that everything was "going to be fine because the quantity [of cocaine] was a small quantity."

The petitioner acknowledged that he realized that his eight-year probationary sentence on an earlier drug offense was violated when he was arrested on the new charge. He claimed that he had almost completed the probationary term and that he was told he "wouldn't have to do but a few months" on the earlier sentence. He testified that he "didn't find out the whole 16 until [he] got to the penal farm and they hit the computer and said [he was] doing a 16-year sentence and didn't have [him] doing any street time or anything." The petitioner denied that trial counsel advised him that the actual sentence would be 16 years at 30 percent, and the petitioner claimed that he "misunderstood [the] part" concerning consecutive sentencing. He did concede that counsel never represented that he "would receive [his] street credit for sure." According to the petitioner, he never asked counsel how much total time he would be serving.

The petitioner responded in an argumentative fashion to most of the state's questions on cross-examination. He was shown the transcript of his plea submission wherein the consecutive nature of the sentencing was mentioned twice and wherein the court advised him of his potential exposure of up to 30 years. He claimed not to know what the word "consecutive" meant, and he simply disputed being told anything about 30 years. In terms of what relief he was seeking on post-conviction, the petitioner said that he wanted to enter a drug abuse program to serve his sentence.

The trial court took the matter under advisement, and on August 17, 2004, it entered an order denying the petition for post-conviction relief. The trial court credited counsel's testimony that he explained to the petitioner that the time he received for the probation violation would be served consecutively to the eight-year sentence for the cocaine offense. Accordingly, the trial court found that the petitioner had failed to prove ineffective assistance of counsel. In addition, aside from counsel's performance, the trial court found that the petitioner had been advised of the consecutive sentencing at the plea submission hearing. Therefore, even if counsel's performance was deficient, the petitioner nevertheless had failed to demonstrate the requisite prejudice.

The law is settled that the post-conviction petitioner bears the burden of establishing, at the evidentiary hearing, his allegations by clear and convincing evidence. Tenn. Code. Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). An appellate court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. *See id.* at 697, 104 S. Ct. at 2069. As to guilty pleas, the petitioner must establish that, but for counsel's errors, petitioner would not have entered the plea and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 655 n.38, 104 S. Ct. 2039, 2050 n.38 (1984)).

Measured by these standards, it is readily apparent that the petitioner failed to carry his burden, and the evidence in the record certainly does not preponderate against the post-conviction court's findings. Before us, the petitioner presses his claim that counsel failed to adequately advise him as to the sentencing consequences of his guilty plea. He also argues that his attorney failed to litigate or file any meaningful motions in his case and that had counsel done so a "high probability" existed that the outcome of the case would have been different.

The trial court did not credit the petitioner's testimony that he was not advised about the consecutive sentencing consequences of his guilty plea. The trial court is in the best position to

judge the demeanor and credibility of the witnesses before it, and we will not disturb the trial court's credibility findings in this case. *See State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). Furthermore, the state made the most generous plea offer possible under the circumstances. Although the petitioner qualified for Range II or Range III sentencing for the cocaine offense, the state agreed to a Range I minimum, eight-year sentence for the Class B felony. As for the outcome of his case being different had counsel pursued meaningful pretrial motions, the petitioner offers nothing other than unsupported speculation.

The petitioner has failed to demonstrate deficient representation, much less any resulting prejudice.

In summary, the petitioner offers nothing new on appeal to persuade us to disturb the trial court's ruling. The trial court's credibility determinations and factual deductions are clearly reasonable and foreclose the need for any prolonged discussion of the issues.

Consequently, for the foregoing reasons, we affirm the denial of post-conviction relief and the dismissal of the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE